UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2018 OCT 29 P 2:31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-cv-926-WKW |
| | ) | |
| INSTITUTIONAL PHARMACY | ) | |
| SOLUTIONS, LLC; MIMS | ) | |
| PROPERTY MANAGEMENT | ) | |
| GROUP, LLC; MIMS | ) | |
| MANAGEMENT GROUP, LLC; | ) | |
| COTTON & PINE | ) | |
| CREATIVE, LLC; DANIEL R. | ) | |
| MIMS and KRYSTAL L. MIMS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Synovus Bank and complains of Institutional Pharmacy Solutions, LLC, Mims Property Management Group, LLC, Mims Management Group, LLC, Cotton & Pine Creative, LLC, Daniel R. Mims and Krystal L. Mims (all collectively, the "Defendants") and says as follows:

### PARTIES, JURISDICTION AND VENUE

1. Synovus Bank ("Synovus") is a Georgia banking corporation that has its principal place of business in Columbus, Georgia. Synovus is a citizen of the State of Georgia.

2. Defendant, Institutional Pharmacy Solutions, LLC ("IPS"), is an Alabama Limited Liability Company with its principal place of business in Montgomery County, Alabama. Defendant Mims Management Group, LLC owns 100% of the membership interest of IPS, and Daniel Mims and Krystal Mims are the members of Mims Management Group, LLC. Daniel Mims and Krystal Mims are citizens of the State of Alabama; therefore, IPS is a citizen of the State of Alabama.

3. Defendant, Mims Property Management Group, LLC ("MPMG"), is an Alabama Limited Liability Company with its principal place of business in Montgomery County, Alabama. Mims Management Group, LLC owns 100% of the membership interest of MPMG, and Daniel Mims and Krystal Mims are the members of Mims Management Group, LLC Mims Management Group, LLC. Daniel Mims and Krystal Mims are citizens of the State of Alabama; therefore, MPMG is a citizen of the State of Alabama.

4. Defendant, Mims Management Group, LLC ("MMG"), is an Alabama Limited Liability Company with its principal place of business in Montgomery County, Alabama. Daniel Mims and Krystal Mims are the members of MMG, and they are citizens of the State of Alabama; therefore, MMG is a citizen of the State of Alabama.

5. Defendant, Cotton & Pine Creative, LLC ("CPC"), is an Alabama Limited Liability Company with its principal place of business in Montgomery

County, Alabama. Daniel Mims and Krystal Mims are the members of CPC, and they are citizens of the State of Alabama; therefore, CPC is a citizen of the State of Alabama.

6. Defendant, Daniel R. Mims ("Daniel Mims") is an individual over the age of nineteen (19) years and is a resident of Montgomery County, Alabama. He is a citizen of the State of Alabama.

7. The Defendant, Krystal L. Mims ("Krystal Mims") is an individual over the age of nineteen (19) years and is a resident of Montgomery County, Alabama. She is a citizen of the State of Alabama.

8. This is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the Plaintiff's claims against the Defendants occurred in this judicial district.

## **FACTUAL ALLEGATIONS**

*First Forbearance Agreement*

10. Each of the Defendants (and non-defendant entity, DKM Properties, LLC) executed and delivered over to Synovus a Forbearance Agreement and Loan Modification Agreement (the "First Forbearance Agreement") in favor of Synovus with an effective date of September 11, 2016. A true and correct copy of the First Forbearance Agreement is attached hereto as **Exhibit "A."**

11. Pursuant to Paragraphs F.1. through F.4., on Pages 2-4 of the First Forbearance Agreement, the Defendants acknowledged that they were respectively obligated for i) the repayment of a loan from the Plaintiff to IPS (the "IPS Loan"), ii) the repayment of loans from Synovus to MPMG (the "MPMG Loan"); and iii) the repayment of a loan from the Plaintiff to CPC (the "CPC Loan"). Daniel Mims and Krystal Mims each also acknowledged that they are the principal borrowers and directly obligated to the Plaintiff under a restructured loan (the "Intelligenetics Loan") that the Plaintiff originally made to Intelligenetics, LLC, a South Carolina Limited Liability Company formerly owned and/or controlled by Daniel Mims and Krystal Mims (collectively, the Intelligenetics Loan along with the MPMG Loan, the

IPS Loan, and CPC Loan are referred to herein as the "Loans").[1] Further, the exiting guaranty agreements were recited therein as to each loan.

12.  Pursuant to Paragraphs A.1. through A.7., on Pages 6-7, of the First Forbearance Agreement, the Defendants acknowledged, among other things, that each of the therein listed Loans was in default; that each of the Defendants are liable to the Plaintiff for the amount due under each of the Loans, either as a direct borrower or as guarantor; that the Defendants did not have any claims or counterclaims against Synovus with regard to the Loans; that Synovus had no obligation to make additional loans or extensions of credit to the Defendants, that the liens of Synovus in its collateral remain in full force and effect, and that the Defendants are fully liable for the reasonable attorney's fees incurred by Synovus to collect payment of the Loans.

13.  Pursuant to Paragraph D.1., on Page 8-9, of the First Forbearance Agreement, entitled "Forbearance Period," the maturity date of each the Loans was by agreement extended to January 11, 2017.

---

[1] True and correct copies of the MPMG Loan, the IPS Loan, the CPC Loan, the Intelligenetics Loan (and their related security agreements) are attached hereto as **Exhibits "B-1" through "B-4,"** respectively.

*Cross-Default*

14. Further, pursuant to Paragraph E, on Page 9, of the First Forbearance Agreement each of the Defendants herein agree to a Cross-Default provision, applicable to all the Loans, which provides:

> **Cross-Default.** *To induce the Bank to enter into this Forbearance Agreement, the Borrowers covenant and agree that, whether or not heretofore in existence, (i) **each of the Obligations shall be cross-defaulting with each of the other Obligations**, such that any and all defaults or events of default, no matter how or where defined, monetary or non-monetary, of or by any one of the Entity Borrowers, shall constitute a default and/or an Event of Default, as the case may be, under all other such Obligations, and (ii) to the extent that any of the Existing Security Documents do not provide specifically that a default or Event of Default for one such loan covenants shall constitute a default and/or an Event of Default, as the case may be, under all other such Obligations, then such Existing Security Documents are hereby amended to so provide.*

*Cross-Guaranty*

15. Additionally, pursuant to Paragraph G, on Page 12, of the First Forbearance Agreement each of the Defendants herein agreed to and did unconditionally guaranty full repayment of any and all of the Loans, and did further pledge and grant to Synovus a security interest in "*all of their property, whether tangible or intangible, real or personal;*".

*Cross-Collateralization*

16. Further, pursuant to Paragraph F, on Page 9, of the First Forbearance Agreement each of the Defendants herein agree to a Cross-Collateralization provision, applicable to all the Loans, which provides:

> ***Cross-Collateralization.*** *Further, to induce the Bank to enter into this Forbearance Agreement, the Borrowers covenant and agree that, whether or not heretofore in existence or heretofore cross-pledged, (i) each of the Obligations shall be cross-collateralized with each of the other Obligations, such that any and all security and collateral, existing or pledged herein, for any of the Obligations, no matter how or where defined, granted, pledged or located, by any one or more of the Entity Borrowers or the Accommodator, shall secure the payment of and constitute collateral for ALL other Obligations, and (ii) to the extent that any of the MPMG Loan Security Documents or the IPS Loan Security Documents, Mims Intelligentics Loan Security Documents, CPC Loan Security Documents, or Mims Home Loan Security Documents (collectively, the "Existing Security Documents") do not provide specifically that such Existing Security Documents secures the payment of all of the Obligations, such Existing Security Documents are hereby amended to so provide.*

*First Amended Forbearance Agreement*

17. Subsequently, the Defendants defaulted on one of more of the Loans, whereupon, after good faith and arms-length negotiations, each of the Defendants executed and delivered to Synovus the First Amended Forbearance Agreement and Loan Modification Agreement (the "First Amended Forbearance Agreement") as dated March 20, 2017. A true and correct copy of the First Amended Forbearance Agreement is attached hereto as **Exhibits "C-1" and "C-2."**[2]

18. Pursuant to Paragraphs C through I, on Pages 2-4, of the First Forbearance Agreement, each of the Defendants acknowledged, among other things,

---

[2] The Defendants delivered two (2) separate copies of the First Amended Forbearance Agreement to the Plaintiff. The first copy is dated March 20, 2017 and was delivered to the Plaintiff on or around that date but it was missing notary acknowledgements for the signatures of Krystal Mims and DKM Properties, LLC. The second copy is undated but was delivered to the Plaintiff on or around March 28, 2017. It contains signatures and notary acknowledgements for all of the parties to the agreement.

that the IPS Loan, the MPMG Loan, the Intelligenetics Loan, and the CPC Loan were in default; that each of the Defendants are liable to Synovus for the respective amounts due under each/all of the Loans; that the Defendants did not have any claims or counterclaims against Synovus with regard to the Loans; that Synovus had no obligation to make additional loans or extensions of credit to the Defendants; and that the Defendants are fully liable for the reasonable attorney's fees incurred by the Plaintiff to collect payment on the Loans.

19. Pursuant to Paragraph B on Page 2 of the First Amended Forbearance Agreement, entitled "Forbearance Period" the maturity date of the Loans was further extended from January 11, 2017 to March 24, 2017.

*Second Amended Forbearance Agreement*

20. Subsequently, the Defendants again defaulted on one of more of the Loans, whereupon, after further good faith and arms-length negotiations, the Defendants executed and delivered over to Synovus the Second Amended Forbearance Agreement and Loan Modification Agreement (the "Second Forbearance Agreement") in favor of Synovus as made effective as of March 24, 2017. A true and correct copy of the Second Forbearance Agreement is attached hereto as **Exhibit "D."**

21. Pursuant to Paragraphs C through H, on Pages 3-4, of the Second Forbearance Agreement, the Defendants once again acknowledged, among other

things, that each of the Loans was then in default; that the Defendants are liable to Synovus for the amounts then due under each of the Loans; that the Defendants did not have any claims or counterclaims against Synovus with regard to the Loans; that Synovus had no obligation to make additional loans or extensions of credit to the Defendants; and that the Defendants are fully liable for the reasonable attorney's fees incurred by the Plaintiff to collect payment on the Loans.

22. Pursuant to Paragraph B on Page 2 of the Second Forbearance Agreement, entitled "Forbearance Period," the maturity date of the Loans was further extended from March 24, 2017 to July 11, 2017.

### Third Amended Forbearance Agreement

23. Subsequently, the Defendants again defaulted on one of more of the Loans, whereupon, and again after further good faith and arms-length negotiations, the Defendants executed and delivered over to Synovus the Third Amended Forbearance Agreement and Loan Modification Agreement (the "Third Forbearance Agreement") as was made effective as of July 11, 2017. A true and correct copy of the Third Forbearance Agreement is attached hereto as **Exhibit "E."**

24. Pursuant to Paragraphs C through H, on Pages 3-4, of the Third Forbearance Agreement, the Defendants acknowledged, among other things, that each of the Loans was once again in default; that each of the Defendants are liable to Synovus for the amount due under each/all of the Loans; that the Defendants did

not have any claims or counterclaims against Synovus with regard to the Loans; that Synovus had no obligation to make additional loans or extensions of credit to the Defendants; and that the Defendants are liable for the reasonable attorney's fees incurred by the Plaintiff to collect payment on the Loans.

25. Pursuant to Paragraph B, on Page 3, of the Third Forbearance Agreement, entitled "Forbearance Period," the maturity date of the Loans was once again extended from July 11, 2017 to September 11, 2017.

*Fourth Amended Forbearance Agreement*

26. Subsequently, the Defendants once again defaulted on one of more of the Loans, whereupon, and again after further good faith and arms-length negotiations, the Defendants executed and delivered over to Synovus the Fourth Amended Forbearance Agreement and Loan Modification Agreement (the "Fourth Forbearance Agreement") in favor of Synovus and made effective as of September 11, 2017. A true and correct copy of the Fourth Forbearance Agreement is attached hereto as **Exhibit "F."**

27. Pursuant to Paragraphs C through H on Pages 3-4 of the Fourth Forbearance Agreement, the Defendants once again acknowledged, among other things, that each of the Loans was again in default; that each of the Defendants are liable to Synovus for the amount due under each/all of the Loans; that the Defendants do not have any claims or counterclaims against Synovus with regard to the Loans;

that Synovus had no obligation to make additional loans or extensions of credit to the Defendants; and that the Defendants are liable for the reasonable attorney's fees incurred by the Plaintiff to collect payment on the Loans.

28. Pursuant to Paragraph B on Page 3 of the Fourth Forbearance Agreement, entitled "Forbearance Period," the maturity date of the Loans was finally extended from September 11, 2017 to October 11, 2018.

29. Each of the First Forbearance Agreement, the First Amended Forbearance Agreement, the Second Amended Forbearance Agreement, the Third Amended Forbearance Agreement, and the Fourth Amended Forbearance Agreement (collectively, the "Forbearance Agreements") did not disturb or mitigate, and indeed maintained and perpetuated the Cross-Default provision of the First Forbearance Agreement, the Cross-Collateralization provision of the First Forbearance Agreement, and maintained or expanded the previously security agreements granted under the Loans or under the First Forbearance Agreement, and perpetuated the Cross-Guaranty Agreements as well.

*Default Under Forbearance Agreements*

30. The Defendants are in default under the Forbearance Agreements as well as the underlying Loans, and related loan documents described in the Forbearance Agreements because the Defendants have *failed to pay the Loans in full upon maturity*, and for wholly failing to meet their covenants and obligations to

Synovus per the terms of the Fourth Amended Forbearance Agreement, and otherwise.

31. As of October 29, 2018, the Defendants are each jointly obligated to the Plaintiff under the IPS Loan in an amount not less than $2,185,493.55, for which prior written demand for payment has been made by Synovus. As of October 12, 2018, the Defendants are each jointly obligated to the Plaintiff under the MPMG Loan in an amount not less than $1,632,164.33; under the CPC Loan in an amount not less than $244,676.09; and under the Intelligenetics Loan in an amount not less than $444,436.27, for which prior written demand for payment has been made by Synovus. The Defendants are further obligated to the Plaintiff for per diem interest going forward on all Loans, reasonable attorney's fees, and court costs with regard to each of the Loans.

*Collection Activity Subsequent to Default*

32. Subsequent to the October 11, 2018 maturity of the Loans, and due to the default(s), Synovus on or about October 19, 2018 lawfully exercised its rights of set-off and did thereby set-off the approximate collective sum of $720,429.69 from three commercial deposit accounts of IPS, namely account numbers xxxxxx1672, xxxxxx2688, and xxxxxx2910.

33. Then, on or about October 18, 2018, Synovus again exercised its rights of set-off and did thereby set-off the approximate sum of $1,236.97 from IPS deposit account number xxxxxx2910.

34. Then, on or about October 19, 2018, Synovus again exercised its rights of set-off and did thereby set-off the approximate sum of $29,172.50 from IPS deposit account number xxxxxx2910.

35. All such funds, once set-off was fully effectuated, were applied by Synovus to the indebtedness owed to Synovus under the IPS Loan, and thereby reduced the amount of the indebtedness due Synovus thereunder.

36. Then, on or about October 22, 2018 Synovus did my mail deliver correspondence to approximately twenty two known customers of IPS, each of whom is or has been a customer and resulting account debtor of IPS. The purpose of such letters was to intercept and have paid over to Synovus the accounts receivable owed to IPS by such customers of IPS, which accounts receivable constitute part of Synovus' collateral for the IPS Loan, as has been stipulated and agreed by IPS in the Forbearance Agreements and related loan documents.

## COUNT I

### BREACH OF CONTRACT AGAINST ALL DEFENDANTS WITH REGARD TO THE MPMG LOAN (LOAN NO. XXXXXXX1992)

37. Synovus re-alleges and re-avers the allegations above as if fully set out herein.

WHEREFORE, the Synovus demands judgment against each of the Defendants, jointly and severally, for money damages in the amount of not less than $1,632,164.33, plus per diem interest, reasonable attorney's fees, and court costs, with respect to the MPMG Loan.

## COUNT II

### BREACH OF CONTRACT AGAINST ALL DEFENDANTS WITH REGARD TO THE IPS LOAN (LOAN NO. XXXXXXX1968)

38. Synovus re-alleges and re-avers the allegations above as if fully set out herein.

WHEREFORE, Synovus demands judgment against each of the Defendants, jointly and severally, for money damages in the amount of not less than $2,185,493.55, plus per diem interest, reasonable attorney's fees, and court costs, with respect to the IPS Loan.

## COUNT III

## BREACH OF CONTRACT AGAINST ALL DEFENDANTS WITH REGARD TO THE CPC LOAN (LOAN NO. XXXXXXX1910)

39. Synovus re-alleges and re-avers the allegations above as if fully set out herein.

WHEREFORE, Synovus demands judgment against each of the Defendants, jointly and severally, for money damages in the amount of not less than $244,676.09, plus per diem interest, reasonable attorney's fees, and court costs, with respect to the CPC Loan.

## COUNT IV

## BREACH OF CONTRACT AGAINST ALL DEFENDANTS WITH REGARD TO THE INTELLIGENETICS LOAN (LOAN NO. XXXXXXX2162)

40. Synovus re-alleges and re-avers the allegations above as if fully set out herein.

WHEREFORE, Synovus Bank demands judgment against each of the Defendants, jointly and severally, for money damages in the amount of not less than $444,436.27, plus per diem interest, reasonable attorney's fees, and court costs.

## COUNT V

## BREACH OF GUARANTY AGAINST ALL DEFENDANTS WITH REGARD TO ALL OF THE LOANS

41. Synovus re-alleges and re-avers the allegations above as if fully set out herein.

WHEREFORE, Synovus Bank demands judgment against each of the Defendants, jointly and severally, for money damages in the amounts not less than the total of the sums due to Synovus under each of the Loans, plus per diem interest, reasonable attorney's fees, and court costs, per the various guaranty agreements executed in favor of Synovus.

## COUNT VI

## DECLARATORY JUDGMENT UNDER THE DECLARATORY JUDGMENT ACT (28 U.S.C. SECTIONS 2201-2202) AGAINST ALL DEFENDANTS WITH REGARD TO THE LOANS

42. Synovus re-alleges and re-avers the allegations above as if fully set out herein.

WHEREFORE, Synovus Bank demands judgment against each of the Defendants declaring i) that each of the Defendants defaulted on each of the Loans, and ii) defaulted on the Fourth Amended Forbearance Agreement, iii) that Synovus holds a security interest in certain collateral, iv) that Synovus lawfully exercised its rights of set-off against the collateral pledged as security for the Loans, and v) that

the actions of Synovus were lawful in notifying IPS's account debtors to remit accounts receivable of IPS to Synovus.

Further, Synovus reserves all of its rights and claims as regards other indebtedness of the Defendants to Synovus

Respectfully submitted:

/s/ Daniel D. Sparks

Daniel D. Sparks (ASB-8526-S79D)
Bradley R. Hightower (ASB-8981-B57H)
Attorneys for Synovus Bank

**OF COUNSEL**
Christian & Small, LLP
1800 Financial Center
505 20th Street North
Birmingham, Alabama 35203
Email: dds@csattorneys.com
Email: brh@csattorneys.com
Phone: (205) 795-6588
Fax: (205) 328-7234

**Please serve the Defendants by Private Process Server at the following addresses:**

**Institutional Pharmacy Solutions, LLC**
c/o Jason P. McCartha, Registered Agent
100 Jefferson Street South
Suite 200
Huntsville, Alabama 35801

**Mims Property Management Group, LLC**
c/o Jason P. McCartha, Registered Agent
100 Jefferson Street South
Suite 200
Huntsville, Alabama 35801

**Mims Management Group, LLC**
c/o Jason P. McCartha, Registered Agent
100 Jefferson Street South
Suite 200
Huntsville, Alabama 35801

**Cotton & Pine Creative, LLC**
c/o Jason P. McCartha, Registered Agent
100 Jefferson Street South
Suite 200
Huntsville, Alabama 35801

**Daniel R. Mims**
2531 Pike Road
Pike Road, Alabama 36064

**Krystal L. Mims**
2531 Pike Road
Pike Road, Alabama 36064